UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:13-CV-00058-TBR

KRISTY SHIRLEY                                                                          Plaintiff

v.

CAROLYN COLVIN,                                                                         Defendant
Commission of Social Security


**MEMORANDUM OPINION**

The above matter was referred to the United States Magistrate Judge for consideration and preparation of Findings of Fact, Conclusions of Law, and a Report and Recommendation pursuant to 28 U.S.C. § 636. (Docket No. 11.) The Magistrate Judge recommended that this Court remand this matter to the Commissioner for a new decision clarifying the duties encompassed by Plaintiff's past relevant work, the finding on Plaintiff's residual functional capacity, and its assessment of Plaintiff's testimony regarding her limitations. (Docket No. 17.)

The Court has reviewed the record, the Magistrate's Report and Recommendation, (Docket No. 17), and the Commissioner's objection to the Report and Recommendation. (Docket No. 18.) Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed *de novo* the portions of the Magistrate's Report and Recommendation to which objection is made. Although this Court agrees with the ultimate conclusion of the Magistrate that **REMAND** to the Commissioner is required,

it writes separately to highlight some minor areas where it disagrees with the Magistrate and to clarify its position on some issues.

## BACKGROUND

The facts in this matter were recited in the Magistrate's Report and Recommendation. (Docket No. 17.) In the interest of brevity, the Court will not recite the remaining factual background again. However, the Court will recite the procedural background upon which this matter comes before it.

The Commissioner denied Plaintiff's claim for disability benefits. Subsequently, the Administrative Law Judge (ALJ) agreed with the Commissioners denial, specifically finding that:

> [T]he claimant has the residual functional capacity (RCF) to perform light work as defined in 20 CFR 404.1567(b), except she cannot stand or walk more than 2 hours out of an 8-hour workday; needs a sit/stand option allowing her to get up and move about the work station from 35 minutes to hourly; cannot climb ropes, scaffolds and ladders; cannot more than frequently climb ramps and stairs; and must avoid vibration and concentrated dust, fumes, and chemicals.

(Docket No. 9-2, at 20.) The Appeals Council denied Plaintiff's request for review. (Docket No. 9-2, at 2.) Plaintiff then sought judicial review of the Commissioner's denial of her claim for disability benefits, asking for a reversal of the administrative denial of her benefits or, alternatively, a remand of the matter to the Agency for a new hearing. (Docket No. 15.)

The Court referred this matter to the Magistrate for consideration and preparation of a report and recommendation. (Docket No. 11.) The Magistrate

recommended that this matter be remanded to the Commissioner for a new decision and clarification of certain issues. (*See* Docket No. 17.)

DISCUSSION

I. <u>Magistrate's Determination of Inconsistencies in the ALJ's Residual Functional Capacity Finding</u>

The Magistrate determined that the ALJ's findings that the Plaintiff must change positions from "35 minutes to hourly" and that she was capable of "performing past relevant work" and "light work," (Docket No. 9-2, at 22-23), was inconsistent with the testimony of the vocational expert who stated that employment in her past jobs "would be kind of questionable" at the 35 minute mark, while employment at the hour mark could "probably" still be done.[1] (*See* Docket No. 17, at 6.) The Court agrees with the Magistrate that these findings by the ALJ are unclear/inconsistent and require clarification.[2]

---

[1] The vocational expert seriously implied that if Plaintiff had to change positions every 35 minutes employment in her past jobs would not be possible. However, the vocational expert also stated that if she only had to change positions hourly then the employment "probably" could still be done. The ALJ found that the Plaintiff had to change positions every 35 minutes to hourly and held she was capable of performing her past jobs, but did not address the inherent inconsistency this holding had with the vocational expert's testimony.

[2] While the Defendant points out that there was evidence in the record showing Plaintiff had an "ability to stay in a position for up to an hour before changing positions," the evidence is immaterial given that the ALJ found that the claimant would need to get up and move about the work station at a frequency of 35 minutes to hourly. The vocational expert all but stated that employment in Plaintiff's jobs would not be possible if she had to change positions every 35 minutes. Accordingly, the ALJ's holding does not allow for meaningful judicial review because the lower end and higher end of the range would give opposite results.

Defendant also argues any error was harmless error, given the evidence supporting the notion that Plaintiff could stay in one place for 1 hour—the upper end of the range. However, the Court is not necessarily implying there was error, it is merely holding the ALJ needed to make a more definite finding as to Plaintiff's ability to stay in a position to be consistent with the vocational expert's testimony, or, at the very least, address any inconsistency. In any event, there is evidence in the record that supports both the 35 minute and 1 hour conclusions, so Defendant's harmless error argument is without merit.

To be able to properly perform judicial review, the Court would have needed the ALJ to make more definite findings regarding the frequency which Plaintiff must change positions and, at the very least, address the vocational expert's testimony regarding Plaintiff's ability to perform employment at that frequency. Because the ALJ found Plaintiff is not disabled and is capable of performing both her past relevant work and other work, he should have explained why the frequency of Plaintiff changing positions does not preclude her from performing this work at steps four and five of the sequential review process. Without this explanation, the Court cannot perform meaningful judicial review.

II. Magistrate's Finding that the ALJ Failed to Make a Credibility Determination/Assessment of Plaintiff's Testimony

The Magistrate also found that there was no evaluation of Plaintiff's testimony that she cannot stand for more than 5 minutes. The Magistrate stated:

> The full range of light work requires standing and/or walking for approximately six hours of an eight-hour workday. Social Security Ruling (SSR) 83-10p, 1983 WL 31251, at *6. The Court is unable to evaluate whether Plaintiff can perform light work as there is no evaluation of Plaintiff's testimony that she cannot stand for more than 5 minutes (AR, p. 88).

(Docket No. 17, at 6.) Defendant points out that the ALJ is not required to accept a claimant's subjective complaints, and may properly consider their credibility when making a disability determination. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). Defendant also points out that the ALJ is not required to provide a detailed analysis of each piece of evidence or make explicit credibility findings on each bit of conflicting testimony. *See, e.g., Kornecky v. Comm'r Soc. Sec.,* 167 F. App.'x 496, 507-08 (6th Cir. 2006) (stating ALJ need not make explicit credibility findings on

each bit of conflicting testimony as long as the findings as a whole show implicit resolution of such conflicts).

The ALJ did not explicitly address Plaintiff's testimony that she cannot stand for more than 5 minutes, but was not required to if his findings implicitly resolved this conflict. *See id.* The ALJ stated:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Docket No. 9-2, at 21.) The Court notes that, as discussed above, the referenced "residual functional capacity" assessment was premised on inconsistent and unclear findings. Therefore, that assessment cannot serve as a basis for implicitly resolving the conflict created by Plaintiff's testimony. However, the ALJ also noted that Plaintiff's giggling during her testimony, activities she currently engages in, lack of medical evidence, and failure to seek pain management were contrary to her allegation of pain. (*See* Docket No. 9-2, at 22.)

In reviewing the testimony of Plaintiff, it is apparent to the Court that her reason for not being able to stand for more than 5 minutes was based on pain. (*See* Docket No. 9-2, at 87-89.) While the ALJ's findings on this point could have been clearer, the Court—unlike the Magistrate—does not believe the ALJ failed to implicitly address Plaintiff's testimony that she could not stand in one place for more than 5 minutes. However, the Court notes judicial review would be easier to perform if there was a more

explicit assessment of Plaintiff's credibility on this key issue and if more specific findings were made regarding Plaintiff's ability to stand in one place, to the extent it is relevant to Plaintiff's ability to perform work.

III. <u>Magistrate's Finding That There was a Lack of Clarity Regarding the Duties Encompassed by Plaintiff's Past Relevant Work</u>

The Magistrate held that evidence in the administrative record does not support the ALJ's finding that Plaintiff had past relevant work of title clerk and accounts payable clerk as *separate jobs*, as opposed to *separate duties of a single job*. (Docket No. 17, at 4.) The Court agrees with the Defendant that the Magistrate's recommendation misunderstood Plaintiff's testimony that her initial position with the car dealership was as a title clerk and she then moved to an accounts payable position. (*See* Docket No. 12, at 58-60.) In any event, the relevant inquiry is whether a claimant can perform the type of work, not necessarily whether she could perform the specific job held in the past. *See, e.g., Clendening v. Comm'r Soc. Sec.*, 482 F. App'x 93, 96 (6th Cir. 2012) (citations omitted).

Nevertheless, the Court agrees with the general thrust of the Magistrate's conclusion that it is unclear from the ALJ's decision what the requirements of Plaintiff's job as a whole at the car dealership are, both as actually performed and as generally performed in the national economy. Although this finding alone may not have required remand because it appears the ALJ determined the Plaintiff could perform other work at step five of the sequential review process, the Court notes that judicial review of

Plaintiff's ability to perform past relevant work would be made easier if there had been more specific findings on the duties of her job at the car dealership.[3]

CONCLUSION

Accordingly, for the reasons discussed and consistent with the above opinion, **IT IS HEREBY ORDERED** that this case is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Date:

cc: Counsel

---

[3] The Defendant argues that the vocational expert testified that a person with Plaintiff's circumstances and attributes could perform the jobs of title clerk and accounts payable clerk. (Docket No. 18, at 4.) The Court has reviewed this testimony and, as discussed above, finds the statement that such a hypothetical person could perform that work was premised on that person only needing to change positions hourly, as opposed to every 35 minutes. (Docket No. 12, at 45-46.)